**14 CV 10032**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JUDGE CROTTY

JONATHAN STERN,

      Plaintiff,

Case No. _____

COMPLAINT

   - v. -

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
POLICE OFFICER PHILLIP GUSTAVINO
and JOHN DOE POLICE OFFICERS # 1-3 in
their official and professional capacities,

JURY TRIAL
DEMANDED

      Defendants.

------------------------------------------------------------X

RECEIVED
DEC 22 2014
U.S.D.C. S.D.N.Y.

    Plaintiff JONATHAN STERN, by and through his attorneys, the Law Offices of

Adam D. Perlmutter, P.C., alleges as follows:

## PRELIMINARY STATEMENT

    1.   This is an action to recover monetary damages arising out of

Defendants' violations of Plaintiff's rights secured by the Civil Rights Act, 42 U.S.C.

§ 1983, and of rights secured by the First, Fourth, and Fourteenth Amendments to

the United States Constitution, the New York State Constitution and the laws of

the State of New York.  Plaintiff was deprived of his constitutional and common law

rights when the Defendants unlawfully assaulted, battered, arrested and caused the

prosecution of Plaintiff.

2.      This action arises out of conduct by the Defendants, which led to the unlawful arrest of Plaintiff and the prosecution of Plaintiff by representatives of the New York County District Attorney's Office, who are not parties to this action.

3.      Defendants, acting under the color of state law, have intentionally and willfully subjected Plaintiff to, *inter alia*, harassment, arrest, assault, battery, selective enforcement of the law, false imprisonment and detention.

4.      Defendants used excessive force and assaulted and battered Plaintiff while affecting an unlawful arrest causing physical injuries requiring medical treatment.

5.      Defendants unlawfully arrested and detained Plaintiff in retaliation for Plaintiff's lawful exercise of free speech and assembly, and in violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights under the United States Constitution, 42 U.S.C. § 1983, and Article 1 § 12 of the New York State Constitution.

## JURISDICTION

6.      This is a civil action authorized by 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

7.      Plaintiff further invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 over any and all State law claims and causes of action that derive

from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federal claims and causes of action.

## VENUE

8.     The Southern District of New York is an appropriate venue under 28 U.S.C. §§ 1391(a), (b) and (c), and 1402(b) because the events giving rise to this claim occurred in New York County.  In addition, Defendants conduct business and maintain their principal places of business in New York County.

## JURY DEMAND

9.     Plaintiff demands a trial by jury on each of his claims that can be tried to a jury.

## THE PARTIES

10.     Plaintiff JONATHAN STERN, is a 57-year-old resident of New York, New York.  Plaintiff is a citizen of the United States and is and was at all times relevant herein a resident of the City of New York, State of New York.

11.     Defendant New York City POLICE OFFICER PHILIP GUSTAVINO (hereafter "OFFICER GUSTAVINO") is and was at all times relevant herein an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT. OFFICER GUSTAVINO is being sued herein individually and in his official capacity.

12.     JOHN DOE POLICE OFFICERS #1-3 are pseudonyms for three individual officers in the NEW YORK CITY POLICE DEPARTMENT who were

present when Plaintiff was assaulted, battered, and arrested and participated or failed to intervene. JOHN DOE POLICE OFFICERS #1-3 are being sued herein individually and in their official capacity.

13. Defendant NEW YORK CITY POLICE DEPARTMENT is a municipal agency of the CITY OF NEW YORK. THE NEW YORK CITY POLICE DEPARTMENT acts as an agent of the CITY OF NEW YORK in the area of law enforcement, for which it is ultimately responsible. At all times relevant herein, the NEW YORK CITY POLICE DEPARTMENT hired, employed, supervised, and controlled OFFICER GUSTAVINO and JOHN DOE POLICE OFFICERS #1-3 (collectively, the "OFFICERS").

14. At all times relevant herein, the OFFICERS were acting under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the CITY OF NEW YORK, in the course and scope of their duties and functions as agents, servants, employees, and officers of the NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They acted for and on behalf of the NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, employees, and agents of the NEW YORK CITY POLICE DEPARTMENT.

15. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to

maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

## FACTS

16.   On January 14, 2014, at approximately 8:00pm, Plaintiff was inside of Land of Plenty, a Chinese restaurant located on 58th Street between Second and Third Avenues in New York County. Plaintiff had paid for a takeout order and was waiting as his dinner was being prepared, when the OFFICERS entered the restaurant.

17.   Upon entering the restaurant, the OFFICERS began aggressively questioning the owner of the restaurant. Plaintiff overheard the OFFICERS' questioning and understood that they were responding to a complaint.

18.   Plaintiff frequented the Land of Plenty on a regular basis, and knew that the owner did not speak English well. Plaintiff interceded on the owner's behalf by speaking to the OFFICERS. Plaintiff told the OFFICERS that he had been inside the restaurant for approximately 20 minutes and had not witnessed any disturbance.

19.   The OFFICERS reacted hostilely to Plaintiff, and told him to stay out of their way. Plaintiff continued to explain that he simply wanted to help and that he had not witnessed any disturbance.

-5-

20.     OFFICER GUSTAVINO became increasingly aggressive, pushed Plaintiff, and told Plaintiff to leave the restaurant.

21.     Plaintiff refused to leave the restaurant.  Plaintiff explained that he had placed an order and was waiting for his food for which he had already ordered and paid.

22.     Plaintiff began to sit down when OFFICER GUSTAVINO violently grabbed Plaintiff and dragged Plaintiff out of the restaurant.  OFFICER GUSTAVINO forcefully threw Plaintiff against a police car.

23.     JOHN DOE OFFICERS #1-3 watched as OFFICER GUSTAVINO assaulted Plaintiff and did nothing to stop OFFICER GUSTAVINO.  JOHN DOE POLICE OFFICER # 1 assisted OFFICER GUSTAVINO in arresting Plaintiff.

24.     The owner of Land of Plenty proceeded out of the restaurant and onto the sidewalk asking why OFFICER GUSTAVINO and JOHN DOE POLICE OFFICER # 1 were assaulting and arresting Plaintiff.  The OFFICERS ignored his questions.

25.     OFFICER GUSTAVINO arrested Plaintiff without probable cause.

26.     OFFICER GUSTAVINO arrested Plaintiff without an arrest warrant.

27.     OFFICER GUSTAVINO arrested Plaintiff without reasonable suspicion.

28.     Prior to his arrest, Plaintiff had not committed any violation of the New York Penal Code or any other provision of law for which an arrest may

lawfully be made.  At no time did Plaintiff physically resist arrest or in any way pose a threat to the OFFICERS' safety.

29.     When placing Plaintiff into the police transport vehicle, one of the OFFICERS grabbed Plaintiff's head and caused it to strike the vehicle, causing Plaintiff to bleed from his forehead.

30.     Plaintiff's physical injuries from the arrest included lacerations and contusions to his head, arms and body.  Plaintiff required medical treatment at Bellevue Hospital following his arrest.

31.     Following treatment at Bellevue Hospital, Plaintiff was transported to the 17th Precinct, where he was fingerprinted and detained.

32.     Plaintiff was then transported to central booking and eventually to the New York County Criminal Court at 100 Centre Street, where he was arraigned.

33.     Plaintiff was charged with Obstruction of Governmental Administration in the Second Degree (PL § 195.05) and Resisting Arrest (PL § 205.30).

34.     Plaintiff was released on his own recognizance.

35.     Plaintiff spent approximately 20 hours in custody before his release.

36.     Thereafter, Plaintiff made three more appearances in court before his charges were dismissed for failure to state a claim.

37.     On the occasion enumerated herein, Defendants, acting through the OFFICERS, harassed, assaulted, and battered Plaintiff and violated his Fourth

Amendment right against illegal search and seizure when Plaintiff was arrested without probable cause or a warrant.

38.     The OFFICERS acted intentionally, willfully, maliciously, with a deliberate indifference, and/or with a reckless disregard for the natural and probable consequences of their acts.  As a direct and proximate result of the acts of defendants, Plaintiff experienced physical pain and injury, mental suffering, anguish, psychological and emotional distress, humiliation, loss of earnings, embarrassment and deprivation of physical liberty.

39.     The OFFICERS were acting in concert and under color of law.

40.     A notice of claim was served on the Comptroller of the CITY OF NEW YORK.  At least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

### FIRST CAUSE OF ACTION
(Freedom of Speech and Assembly
Violation — Federal Claim)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 40 with the same force and effect as if more fully set forth at length herein.

42.     OFFICER GUSTAVINO assaulted, battered, and arrested Plaintiff in retaliation for Plaintiff's reasonable exercise of his First Amendment protected speech and assembly in violation of Plaintiff's rights under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

43.     Plaintiff suffered the physical, mental, emotional, and financial injuries, including but not limited to, substantial attorneys fees, and lost earnings, as a result of the OFFICER GUSTAVINO'S violation of Plaintiff's rights.  OFFICER GUSTAVINO is liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

## SECOND CAUSE OF ACTION
### (Freedom of Speech and Assembly Violations — State Claim)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if more fully set forth at length herein.

45.      OFFICER GUSTAVINO assaulted and arrested Plaintiff in retaliation for Plaintiff's reasonable exercise of his right to free speech under the New York State Constitution Article 1, § 1, and his right to assemble under the New York State Constitution Article 1, § 8.

46.     Plaintiff suffered the physical, mental, emotional, and financial injuries as a result of the OFFICER GUSTAVINO'S violation of Plaintiff's rights, and, as such, OFFICER GUSTAVINO is liable to Plaintiff.

## THIRD CAUSE OF ACTION
### (Unlawful Seizure — Federal Claim)

47.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if more fully set forth at length herein.

48.   OFFICER GUSTAVINO arrested Plaintiff without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure and the Fourteenth Amendment right to Due Process.

49.   Plaintiff suffered the physical, mental, emotional, and financial injuries as a result of Defendants deprivation of Plaintiff's civil, constitutional and statutory rights, and are liable under 42 U.S.C. §§ 1983 and 1985.

## FOURTH CAUSE OF ACTION
### (Unlawful Seizure/False Arrest — State Claim)

50.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 49 with the same force and effect as if more fully set forth at length herein.

51.   OFFICER GUSTAVINO arrested Plaintiff without probable cause in violation of the New York State Constitution Article 1, § 12, guaranteeing the Plaintiff's right to be free from unreasonable seizures, and New York common law.

52.   Plaintiff suffered physical, mental, emotional, and financial injuries as a result of Defendants deprivation of Plaintiff's rights under the New York State Constitution and common law, and, as such, Defendants are liable to Plaintiff.

## FIFTH CAUSE OF ACTION
### (Excessive Force — Federal Claim)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 52 with the same force and effect as if more fully set forth at length herein.

54.     During OFFICER GUSTAVINO'S unlawful arrest of Plaintiff, OFFICER GUSTAVINO employed unnecessary and unreasonable force in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

55.     As a proximate result of the OFFICER GUSTAVINO'S use of excessive force, he caused Plaintiff to suffer serious physical, psychological, and emotional pain and suffering, and Plaintiff was otherwise damaged and injured.

56.     OFFICER GUSTAVINO deprived Plaintiff of his civil, constitutional, and statutory rights and is liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

## SIXTH CAUSE OF ACTION
### (Excessive Force/Negligence — State Claim)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 56 with the same force and effect as if more fully set forth at length herein.

58.     OFFICER GUSTAVINO, while acting as agent and employee for the CITY OF NEW YORK, in his capacity as officer in the NEW YORK CITY POLICE DEPARTMENT owed a duty to Plaintiff to perform his police duties without the use of excessive force.  OFFICER GUSTAVINO'S use of force upon Plaintiff, when

-11-

Plaintiff was unarmed and did not pose a threat of death or injury to OFFICER GUSTAVINO or to others constitutes negligence for which OFFICER GUSTAVINO is individually liable.

59.     OFFICER GUSTAVINO'S use of force upon Plaintiff when OFFICER GUSTAVINO had no lawful authority to arrest Plaintiff or use force against Plaintiff constitutes negligence for which the OFFICER GUSTAVINO is individually liable.

60.     As a proximate result of the OFFICER GUSTAVINO'S negligent use of excessive force, caused Plaintiff to suffer serious physical, psychological, and emotional pain and suffering, and otherwise damaged and injured Plaintiff.

## SEVENTH CAUSE OF ACTION
### (Assault)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 60 with the same force and effect as if more fully set forth at length herein.

62.     By the conduct and actions described above, OFFICER GUSTAVINO inflicted the tort of assault upon Plaintiff.  The acts and conduct of OFFICER GUSTAVINO were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.     OFFICER GUSTAVINO'S conduct against Plaintiff constituted an assault upon Plaintiff in that OFFICER GUSTAVINO attempted to injure Plaintiff

or commit battery upon him, and further that OFFICER GUSTAVINO'S acts represented a grievous affront to Plaintiff.

64.    OFFICER GUSTAVINO'S actions were intentional, reckless, and unwarranted, and without any just cause or provocation, and OFFICER GUSTAVINO knew, or should have known, that his actions were without the consent of Plaintiff.

## EIGHTH CAUSE OF ACTION
### (Battery)

65.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 64 with the same force and effect as if more fully set forth at length herein.

66.    OFFICER GUSTAVINO'S conduct against Plaintiff constituted a battery upon Plaintiff in that the above-described bodily contact was intentional, unauthorized, and grossly offensive in nature.

67.    Such contact caused serious physical, psychological, and emotional pain and suffering, and otherwise caused damage to Plaintiff.

## NINTH CAUSE OF ACTION
### (Malicious Prosecution — Federal Claim)

68.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 67 with the same force and effect as if more fully set forth at length herein.

69.     Following Plaintiff's arrest, OFFICER GUSTAVINO did not make a full and complete statement of the facts to the District Attorney.

70.     OFFICER GUSTAVINO was directly and actively involved in the initiation of criminal proceedings against Plaintiff.  OFFICER GUSTAVINO acted with malice initiating and continuing the criminal proceedings against Plaintiff.

71.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, was humiliated, and subjected to handcuffing and other physical restraints without probable cause.

72.     Plaintiff suffered physical injury, extreme mental and emotional anguish as a result of OFFICER GUSTAVINO'S wrongful actions.  Plaintiff's reputation was damaged, and suffered lost earnings, among other things, as a result of the OFFICER GUSTAVINO'S deliberate and malicious conduct.

73.     The acts and conduct of OFFICER GUSTAVINO deprived Plaintiff of his liberty without Due Process of Law in violation of his Fourteenth Amendment Rights.  OFFICER GUSTAVINO is liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

## TENTH CAUSE OF ACTION
### (Malicious Prosecution — State Claim)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 73 with the same force and effect as if more fully set forth at length herein.

-14-

75.    The acts and conduct of OFFICER GUSTAVINO constitute malicious prosecution under statutory and common law of the State of New York, and, as such, OFFICER GUSTAVINO is liable to Plaintiff.

## ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

76.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 75 with the same force and effect as if more fully set forth at length herein.

77.    OFFICER GUSTAVINO'S conduct, in assaulting, battering, and unlawfully arresting Plaintiff, without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community, and manifested conduct that exceeded all reasonable bounds of decency.

78.    OFFICER GUSTAVINO'S conduct, described above, was intended to and did cause severe physical, psychological, and emotional distress to Plaintiff.

79.    OFFICER GUSTAVINO'S conduct was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80.    As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

## TWELFTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 80 with the same force and effect as if more fully set forth at length herein.

82.     OFFICER GUSTAVINO'S conduct, in assaulting, battering, and unlawfully arresting Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

83.     OFFICER GUSTAVINO'S conduct was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84.     As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

## THIRTEENTH CAUSE OF ACTION
### (Aiding and Abetting)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 84 with the same force and effect as if more fully set forth at length herein.

86.     JOHN DOE POLICE OFFICERS #1-3 aided and abetted OFFICER GUSTAVINO by participating in, and observing and failing to intervene in the assault, battery, and unlawful arrest of Plaintiff.

-16-

87.    As a result of the foregoing, by the acts and omissions of JOHN DOE POLICE OFFICERS #1-3, Plaintiff was deprived of his liberty, was subjected to serious physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

**FOURTEENTH CAUSE OF ACTION**
**(Negligent Hiring, Retention,**
**Training, and Supervision)**

88.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 87 with the same force and effect as if more fully set forth at length herein.

89.    The CITY OF NEW YORK, acting through the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees acting within the scope of their employment did negligently hire, retain, train, and supervise the OFFICERS who were unfit for the performance of police duties on January 14, 2014, at the aforementioned location.  As such, the CITY OF NEW YORK is liable to Plaintiff for the negligent hiring, retention, training, and supervision of the OFFICERS.

**FIFTEENTH CAUSE OF ACTION**
**(*Respondeat Superior* Liability**
**For State Law Claims)**

90.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 89 with the same force and effect as if more fully set forth at length herein.

91.    The conduct of the OFFICERS stated herein occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as officers in the NEW YORK CITY POLICE DEPARTMENT, and while they were acting as an agents, officers, servants, and employees of the CITY OF NEW YORK.  As such, the CITY OF NEW YORK is liable to Plaintiff pursuant to the common law doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    As to the First through Fifteenth Causes of Action, that the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $1,000,000 against the individual defendants, the NEW YORK POLICE DEPARTMENT, and the CITY OF NEW YORK, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000.00 against the defendants, jointly and severally;

b.    That Plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and

c.      That Plaintiff is granted such other and further relief as the Court

deems just and equitable.

Dated:      New York, New York
            December 18, 2014

                        LAW OFFICES OF ADAM D. PERLMUTTER, P.C.


            By: _____
                        Adam D. Perlmutter

            260 Madison Avenue, Suite 1800
            New York, New York 10016
            Tel: (212) 679-1990
            Fax: (888) 679-0585
            Attorneys for Plaintiff JONATHAN STERN

-19-